FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 26 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

BARBARA ZINNAMON and
DWIGHT DAVIDSON, JR.,

                Plaintiffs,

-against-

PEOPLE OF THE CITY OF NEW YORK;
CHARLES WILKES, M.D.,[1]

                Defendants.

------------------------------------------------------------x

MEMORANDUM
AND ORDER

11-CV-2378 (ARR)

ROSS, United States District Judge:

On April 18, 2011, plaintiffs Barbara Zinnamon and Dwight Davidson, Jr., appearing pro se, filed this action against defendants alleging medical malpractice. The court grants plaintiffs' requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed as set forth below.

## Background

Plaintiffs' statement of claim consists of the following:

> A medical malpractice performed by an unlicensed physician in the State of N.Y. approximately in the year of 1983 between April 01-April 30. I went to the private medical doctor's office. I had delayed menustral and I was to have a mild (delayed menustral) scrapping to release my flow and the unlicensed doctor performed another surgery while I was under anestetia. The defendant NYC MD was the caused negligent person.

Compl. at ¶ III. Plaintiffs invoke the court's jurisdiction pursuant to "unlicensed MD under city/state illegal + Federal" and seek $51.5 billion in damages. Compl. at ¶¶ II, IV.

---

[1] Defendant Charles Wilkes M.D. is not named in the caption but in the "parties" section of the complaint. Compl. at ¶ I.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiffs are proceeding pro se and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009), and must show that the court has subject-matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3). Moreover, pursuant to the in forma pauperis statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

The complaint alleging medical malpractice in April 1983 is dismissed. From this court's prior orders, plaintiffs are well aware that the subject-matter jurisdiction of the federal courts is limited. See Zinnamon v. Cingular Wireless, No. 09-CV-5699 (ARR); Zinnamon o/b/o Davidson v. Sprint Wireless, No. 09-CV-5696 (CBA); Zinnamon v. Motorola, No. 09-CV-3824 (ARR); Zinnamon v. T-Mobile, No. 09-CV-3273 (ARR). To reiterate, the basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. A plaintiff properly invokes federal-question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. A plaintiff properly invokes diversity

jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Moreover, federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG, 526 U.S. at 583; see also Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3).

Here, plaintiffs do not present facts to suggest either diversity or federal-question jurisdiction. Instead, plaintiffs allege that Dr. Charles Wilkes residing in Jamaica, New York, committed medical malpractice, a matter of state law. Therefore, the complaint filed against defendants is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## **Warning**

Plaintiffs are no strangers to this court and combined have filed over 20 complaints, including the instant action. See Zinnamon and Davidson v. Cablevision, No. 11-CV-2029 (ARR); Zinnamon and Davidson v. New York City Housing Police, No. 11-CV-2028 (ARR); Zinnamon v. USPS, 10-CV-4795 (ARR); Zinnamon v. Cingular Wireless, No. 09-CV-5699 (ARR); Zinnamon o/b/o Davidson v. Sprint Wireless, No. 09-CV-5696 (CBA); Zinnamon v. Motorola, No. 09-CV-3824 (ARR); Zinnamon v. T-Mobile, No. 09-CV-3273 (ARR); Zinnamon o/b/o Davidson v. American Mail Order, No. 09-CV-2042 (ARR); Zinnamon v. NYC Dep't of Social Svcs., No. 08-CV-5266 (ARR); Davidson v. NYC Dep't of Social Svcs., No. 08-CV-5261 (ARR); Zinnamon v. NYS Dep't of Educ., No. 08-CV-5149 (ARR); Zinnamon v. NYC Dep't Citywide Svcs., No. 08-CV-3612 (ARR); Zinnamon v. NYC CCRB, No. 08-CV-2155 (ARR); Zinnamon v. NYCPD, No. 08-CV-2153 (ARR); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR); Davidson v. Outstanding Bus

Co., No. 08-CV-1786 (ARR); Zinnamon v. PCF Newspaper, No. 08-CV-1400 (ARR); Zinnamon v. NYC Dep't of Educ., No. 08-CV-1399 (ARR); Zinnamon v. Bridge Security, No. 08-CV-1398 (ARR); Zinnamon v. Bank of New York, No. 06-CV-1805(ARR); Zinnamon v. Bank of New York, No. 98-CV-5707 (ARR). In addition, plaintiff Zinnamon has (a) filed numerous frivolous submissions in closed cases, (b) attempted to file complaints on behalf of her son, Dwight Davidson, Jr., and (c) been warned by the United States Court of Appeals for the Second Circuit against appearing on behalf of her son as she is not a licensed lawyer. Zinnamon v. American Mail Order, Mandate, No. 09-3383-cv (2d Cir. Dec. 18, 2009).

Again, the court hereby warns plaintiffs that their continued conduct may result in a filing injunction. See Zinnamon and Davidson v. Cablevision, No. 11-CV-2029 (ARR) (dismissing complaint for lack of subject matter jurisdiction and warning plaintiffs that court may issue filing injunction); Zinnamon v. USPS, No. 10-CV-4795 (ARR), slip op. (E.D.N.Y. Jan. 28, 2011) (dismissing Zinnamon's complaint and warning that the court may issue filing injunction); Zinnamon v. Cingular Wireless, No. 09-CV-5699 (ARR), slip op. (E.D.N.Y. Jan. 4, 2010) (same); Zinnamon v Motorola, No. 09-CV-3824 (ARR), slip op. (E.D.N.Y. Sept. 11, 2009) (same); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR) slip op. (E.D.N.Y. Sept. 21, 2009) (adopting Report and Recommendation which included a warning that any future filing would subject Zinnamon to a filing injunction); Davidson v. Outstanding Bus Co., No. 08-CV-1786 (ARR) slip op. (E.D.N.Y. Sept. 21, 2009) (adopting Report and Recommendation which included a warning that any future filing would subject Davidson to a filing injunction).

"The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation,

harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Iwachi v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993). 28 U.S.C. § 1651(a).

## Conclusion

Accordingly, the complaint, filed in forma pauperis, is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: May 26, 2011
      Brooklyn, New York